165] *ZANESVILLE CANAL AND MANUFACTURING COMPANY *v.* ADMINISTRATOR, WITH THE WILL ANNEXED, OF E. GRANGER, DECEASED, T. PIERCE, AND S. SCOVIL.

Representatives of a deceased party to a judgment, where there is a surviving party, can be proceeded against by *scire facias*, jointly with the survivor, although deceased was a surety only for the debt.

THIS cause was reserved in the county of Muskingum. It was a *scire facias*, reciting that, in the lifetime of E. Granger, the plaintiff recovered a joint judgment against Pierce, Granger, and Scovil which remained unsatisfied—reciting also the death of Granger, and the grant of administration to Goddard, and demanding that Goddard show cause why he should not be made a party to the judgment, and why execution should not issue against Goddard, as administrator, with Pierce as principal debtor. The defendants severed in their pleadings—Goddard pleaded that his testator was a security only in the original contract, and that, therefore, he was not liable to be charged jointly with the surviving principal. Pierce also pleaded that he was surety. To their pleas, the plaintiff dem urred, upon which arose the question adjourned.

GODDARD, in support of the demurrer, insisted that, in case of a joint contract, if one of the parties die, the survivor only can be proceeded against, the executor or administrator of the deceased party being discharged from liability at law. 1 Chit. Pl. 39. A

judgment against two or more, is as a joint obligation or contract,. where the suit, in which the judgment obtained, is a joint one.

If there be a judgment against two, and one dies, a *scire facias* lies against the other alone. Bac. Ab. Ex. G., 1.

If a surety in a joint obligation die, the principal surviving, no remedy can be had, in law or equity, against the personal representative of the deceased surety. 2 Wash. (Va.) 136; Weaver et al. *v.* Shyrock, Ex'r, 6 Serg. & Rawle.

C. C. CONVERSE, for the plaintiffs:

In England, the heir is the representative of the realty of the deceased defendant. In this state the executor or administrator is, *quoad* creditors, the representative of the *realty*, according to the decision of this court. Piatt *v.* St. Clair's Heirs, 6 Ohio, 237; *vide* sec. 29 of " act defining duties of executors, etc.," 29 Ohio Stat. 236.

The *scire facias* in this state, therefore, must issue *against [166 the executor or administrator, and can not be brought against the heirs. In the *scire facias* against heirs which *formerly* prevailed in this state, this court has decided that the writ must contain a description of the lands sought to be charged. The writ in the case before the court contains no such description, nor is it necessary that it should, being against the administrator. It is the *land* which descends to an heir that fixes his liability for the satisfaction of the judgment. In other words, it is the *land in his hands*, and *not himself as heir*, that is bound by the judgment. If *no land* descends to the heir, *no* judgment can be rendered against him. The writ against the heir must, therefore, show *something* in his hands to be charged, otherwise there is no grounds for a judgment against him. But it is otherwise with an administrator. He can not show that he has *no assets*. By our law, *plene administravit* is an immaterial plea. Abbot *v.* Cole, 5 Ohio, 87. It is not necessary to ascertain that there are *assets* in his hands, *before* judgment can be rendered against him as administrator, as it is *before* judgment can be rendered against the heir. It is not the fact that he has assets that fixes his liability, but that a debt or demand is due from the estate. Whether there be assets or not, the creditor is entitled to judgment against the administrator. The question as to assets comes up in another form, and at another time, when the creditor seeks satisfaction of his judgment already obtained. It is not

**167**  SUPREME COURT OF OHIO.

Zanesville Canal & Manf. Co. *v.* Adm'r of Granger, etc.

therefore, necessary to set forth the lands in the writ against an administrator.

But there is another, and, as we think, a better and more correct view of the case, which settles the first question presented by the demurrer. By section 69 of the practice act 29 Ohio, Stat. 71, it is provided " that if in any such suit or action " (*i. e.*, such as do not abate by the death of the parties), " there be two or more plaintiffs," " or defendants, and one or more of such plaintiffs or defendants, shall die before final judgment, such suit or action shall not thereby abate, but the cause of action shall survive to the surviving plaintiff or plaintiffs, and against the surviving defendant or defendants, and such death being suggested on the record, the suit, or action, shall proceed in the same manner as if such death had not happened." And the law in force when the original suit was brought contained the same provision. 2 Chase's Ohio Stat. 966, ch. 384, sec. 70. And by section 70 of the practice act, 29 Stat. 71, it is provided, " that after final judgment, the **167]** *surviving plaintiff or plaintiffs may, by writ or writs of scire facias,* cause the executor or administrator of any such deceased defendant or defendants to be made parties to said judgment." 2 Chase's Ohio Stat. 966, ch. 384, sec. 70. This provision gives a *scire facias* when the death of one of several defendants happens *after* commencement of suit and *before* final judgment. The plaintiff may have a *scire facias* under this provision of the statute when the death takes place, while his demand is matter *in pais*, and the subject of litigation. The reason and equity of the case require that the plaintiff should have *at least* the same remedy when death takes place *after* the matter *in pais* is reduced to matter of record, and the subject of dispute between the parties forever put at rest by the solemn judgment of the court. Will not the law furnish a special *scire facias* in analogy to that furnished after the *elegit* was given, although the statute does not give, expressly, such writ? The objection to the form of the execution on a judgment against some of the defendants in their own right, and others in their representative capacity, is put at rest by the recognition of such execution by the statute, when it gives it where the death happens *pendente lite*.

The second point raised by the demurrer is, does the fact that the deceased defendant was a surety in the judgment constitute a bar?

The relation of principal and surety ceases at law when judgment is rendered. After judgment, *all are principals.*

C. C. Converse, for the plaintiffs:

Section 26 of the act regulating judgments and executions, 29 Ohio Stat. 108, continues this relation after judgment for *one* purpose *only* ; that is, for the purpose of first exhausting the property of the principal for the satisfaction of the judgment, before that of the surety shall be taken. As to *all other* purposes the defendants *are principals.*

The fact pleaded existed before judgment, and was then no answer to the original action ; and no fact which existed before the judgment can be pleaded to the *scire facias,* much less a fact which could not be pleaded in bar in the original suit. But it is said a court of chancery will give no relief when death of surety happens *after* judgment. This, however, is *not* a suit in chancery. But, in South Carolina, it is held, "Though a bond be a joint bond, the obligors are bound *in equity, so that on the death or [168 insolvency of one of them, the other and his representatives are liable." Smith et al. *v.* Martin et al., 4 Des. Equity, 148. This court has said "it would hesitate before it adopted the doctrine cited from 2 Was. 134; Hen *v.* Munf." Buell *v.* Cross, 4 Ohio, 330: Again, by reference to the charter of the plaintiffs, it will be seen that they are a *banking* company. 14 Ohio Stat. 298–300, secs. 7, 11, 13, 14. By the act in force at the time when the original suit was brought, it was enacted that if the bank should institute a separate action against drawer and indorser, no cost should be recovered ; although the contract was a *several* contract by the common law. 2 Chase's Ohio Stat. 1135, ch. 482, sec. 8. This court has said, in reference to this provision of the statute, that "a court of chancery would probably be open to the complainants " (a banking company against the administrator of a deceased surety), " when they shall have exhausted their legal remedies, if a balance still remains due upon the judgment." Bank of Chillicothe *v.* Yoe, Adm'r of McKay, 4 Ohio, 125. The only operation, the fact that Granger, was a surety can have, is to authorize the court to direct the clerk to certify that fact on the record when the judgment is entered up.

Judge Collett delivered the opinion of the court:

At common law, when a judgment was rendered against two,

and one died before execution, the judgment was held to subsist as several against the survivor. No process was recognized to make the representatives of the deceased a party to the judgment. If the deceased was a surety, it was held that the defect in the law to charge him could not be aided in equity. Our legislature seem to have considered these rules of decision as not in accordance with justice. In this view they have made statutory provisions to supply the defects. By the practice act of 1816, it is provided that where there are two or more defendants and one or more die pending the action, it should proceed against the survivors; and if the cause of action survived against the representatives of the deceased, they might be made parties to a final judgment when obtained by *scire facias.* This provision has in substance been ever since continued in force. We believe it changes the common law rule as **169]** well in respect to judgments *rendered as to suits pending. It gives full remedy at law and embraces as well the case of sureties as of principals. All may be made defendants in one joint process, which is a safe and convenient mode of proceeding, introduced by legislative provision to expedite the administration of justice.

Judgment for the plaintiffs.